# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1732V

Filed: September 16, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| RICHARD PORPORA, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Decision on Proffer; |
| | * | Guillain-Barré Syndrome ("GBS"); |
| v. | * | Influenza ("flu") Vaccine. |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Maximillian Muller, Esq.*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Lara Englund, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON PROFFER[1]

**Roth**, Special Master:

On November 7, 2019, Richard Porpora ["Mr. Porpora or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed Guillain-Barré Syndrome ("GBS") after receiving an influenza ("flu") vaccine on September 25, 2017. Petition at 1, ECF No. 1.

On July 7, 2020, respondent filed his Rule 4(c) Report, conceding that petitioner satisfied the criteria necessary to qualify as a Table Injury under the Vaccine Injury Table. *See* Respondent's Report at 9, ECF No. 14.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

On July 8, 2020, a Ruling on Entitlement was issued, finding petitioner entitled to compensation for a Table Injury of GBS following the flu vaccine he received on September 25, 2017. ECF No. 15.

Respondent filed a proffer on September 16, 2022, agreeing to issue the following payments:

1) **A lump sum of $430,178.47**, representing compensation for life care expenses expected to be incurred during the first year after judgment ($166,564.67), pain and suffering ($250,000.00), and past unreimbursable expenses ($13,613.80), **in the form of a check payable to petitioner, Richard Porpora.**

2) **A lump sum payment of $158,391.48**, representing compensation for satisfaction of a New York State Department of Health Medicaid Lien, **payable jointly to petitioner and the New York State Department of Health.**

3) **An amount sufficient to purchase the annuity contract described in Section II.C. of the attached proffer.**

Proffer, ECF No. 60.

I adopt the parties' proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                  **s/ Mindy Michaels Roth**
                                                  Mindy Michaels Roth
                                                  Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RICHARD PORPORA,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 19-1732V<br>Special Master Mindy Michael Roth<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On November 7, 2019, Richard Porpora ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine Act" or "Act"), alleging that he suffered from Guillain-Barré Syndrome ("GBS") as a result of receiving an influenza ("flu") vaccination administered on September 25, 2017. Petition (ECF No. 1). On July 7, 2020, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding that petitioner is entitled to compensation under the Act. ECF No. 14. On July 8, 2020, the Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 15.

**I.      Items of Compensation**

      A.      Life Care Items

Respondent engaged life care planner Laura Fox, MSN, BSN, RN, CLCP, and petitioner engaged life care planner Roberta Hurley, Hurley Consulting, to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report. All items of

compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Richard Porpora, attached hereto as Tab A.  Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

      B.      <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $250,000.00 in actual pain and suffering.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

      C.      <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $13,613.80.  Petitioner agrees.

      D.      <u>New York State Department of Health Medicaid Lien</u>

Respondent proffers that Richard Porpora should be awarded funds to satisfy a New York State Department of Health Medicaid Lien in the amount of $158,391.48, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action may have against any individual as a result of any Medicaid payments the New York State Department of Health has made to or on behalf of Richard Porpora from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about September 25, 2017, under Title XIX of the Social Security Act.

**II.     Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

A. A lump sum payment of $430,178.47, representing compensation for life care expenses expected to be incurred during the first year after judgment ($166,564.67), pain and suffering ($250,000.00), and past unreimbursable expenses ($13,613.80) in the form of a check payable to petitioner, Richard Porpora.

B. A lump sum payment of $158,391.48, representing compensation for satisfaction of a New York State Department of Health Medicaid lien, payable jointly to petitioner and

**NEW YORK STATE DEPT OF HEALTH**
Warren County Department of Social Services
Attn: Resource Department
1340 State Route 9
Lake George, NY 12804
SS#: \*\*\*-\*\*-5106

Petitioner agrees to endorse this payment to the New York State Department of Health.

C. An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

3

which the annuity will be purchased.[4]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Richard Porpora, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

---

       a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

       b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

       c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

       d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

4

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Richard Porpora, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Richard Porpora's death.

3. <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.   Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to petitioner, Richard Porpora: **$430,178.47**

    B.    Medicaid lien: **$158,391.48**

    C.    An amount sufficient to purchase the annuity contract described above in section II.C.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

                                                                                                      s/ LARA A. ENGLUND
LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-3013
E-mail:  lara.a.englund@usdoj.gov

Dated:  September 16, 2022